IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS MOCHERE ABUYA | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-08-CV-2268-G |
| VERIZON SELECT SERVICES, INC. | § § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Dennis Mochere Abuya has filed a motion for appointment of counsel in this *pro se* discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and Texas law. There is no automatic right to the appointment of counsel in an employment discrimination suit. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Rather, the decision is left to the sound discretion of the trial court. The court must consider: (1) the merits of the claim; (2) efforts taken to obtain a lawyer; and (3) the financial ability of plaintiff to retain counsel. *See Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Caston*, 556 F.2d at 1309. No single factor is conclusive. *Gonzalez*, 907 F.2d at 580.

Prior to filing suit, plaintiff filed a charge of discrimination with the EEOC. The agency investigated the charge, but was "unable to conclude that the information obtained establishes violations of the statutes." (Plf. Ans. to Mag. J. Interrog. at 12). Such a determination is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding. *See Gonzalez*, 907 F.2d at 580; *Caston*, 556 F.2d at 1309. Although plaintiff lacks the financial resources to hire a lawyer, that factor alone does not warrant the appointment of counsel.

For these reasons, plaintiff's motion for appointment of counsel [Doc. #25] is denied without prejudice. Plaintiff may reurge his motion if this case survives dismissal after dispositive motions are decided.[1]

SO ORDERED.

DATED: June 2, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the court will not appoint a lawyer to represent plaintiff in this action, it will appoint an attorney/advisor to represent plaintiff at mediation in the event the parties agree to mediate this dispute through the *pro bono* program established by the Dallas Bar Association Employment Law Section.