IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS MOCHERE ABUYA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-2268-G |
| | § | |
| VERIZON SELECT SERVICES, INC. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Verizon Select Services, Inc. has filed a motion and a supplemental motion for dismissal of this case due to plaintiff's failure to comply with two discovery orders. For the reasons stated herein, the motions should be granted.

I.

This is a *pro se* civil action brought by Plaintiff Dennis Mochere Abuya against his former employer for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, breach of contract, and defamation. After denying a Rule 12(b)(6) motion to dismiss, *see* Order, 5/27/09, the court issued a scheduling order requiring the parties to serve initial disclosures by July 22, 2009, to complete discovery by March 5, 2010, and to file dispositive motions by April 5, 2010. *See* Init. Sch. Order, 6/25/09 at 1-2, ¶¶ 1, 2 & 6. At defendant's request, the deadlines for completing discovery and filing dispositive motions were subsequently extended to May 5, 2010 and June 7, 2010, respectively, as a result of plaintiff's failure

to timely serve initial disclosures and answer written discovery. *See* Order, 2/26/10. On March 15, 2010, defendant filed a motion to compel plaintiff to supplement his answers to certain interrogatory answers and to produce documents. Because plaintiff refused to confer with opposing counsel or participate in the preparation of a joint status report in connection with that motion, the court scheduled a show cause hearing for March 25, 2010 to determine whether plaintiff should be sanctioned for violating the Standing Order on Non-Dispositive Motions.[1] At the conclusion of the show cause hearing, plaintiff was admonished on the record that he must comply will all court orders, but no sanctions were imposed against him at that time. Thereafter, the parties agreed to the entry of an order on defendant's motion to compel that required plaintiff to produce documents responsive to Request Nos. 15, 16, 19, 29, 35, 41 & 42, and to supplement his answers to Interrogatory Nos. 3, 9, 11, 12, 13, 15 & 16, by April 1, 2010. *See* Order, 3/31/10. When plaintiff

---

[1] The Standing Order issued on May 27, 2009, provides, in pertinent part:

> No motion shall be filed unless the party seeking relief first confers by telephone or meets face-to-face with the party or parties affected by the motion. If a party is represented by counsel, the attorney must participate in the pre-motion conference. Otherwise, the unrepresented party must participate in the conference. A conference shall be held within three business days after a request is made, unless otherwise agreed to by the parties . . . Anyone who fails to comply with these guidelines or make themselves available for a pre-motion conference upon request will be subject to sanctions.

*See* Order, 5/27/09 at 2, ¶ 2. With respect to the submission of a joint status report, the order provides:

> A joint status report must be attached to any contested motion. This report must contain the following information: (a) the names of the attorneys or unrepresented parties who participated in the pre-motion conference; (b) the date the conference was held and the amount of time the parties conferred; (c) the matters that were resolved by agreement; (d) the specific matters that need to be heard and determined; and (e) a detailed explanation of why agreement could not be reached as to those matters. Unless otherwise agreed to by the parties, the joint status report must be prepared within three business days of the pre-motion conference. The joint status report must be signed by all attorneys and unrepresented parties who participated in the conference. Anyone who fails to cooperate in the preparation of the joint status report or fails to sign the report will be subject to sanctions.

*Id.* at 2-3, ¶ 3.

failed to meet those deadlines, defendant filed a motion for involuntary dismissal or, in the alternative, for sanctions. Rather than sanction plaintiff, the court gave him one last opportunity to comply with the discovery order. On May 21, 2010, following an informal status conference with plaintiff and counsel for defendant,[2] the court ordered plaintiff to supplement his interrogatory answers and produce responsive documents to counsel for defendant by May 25, 2010. In addition, plaintiff was ordered to appear for a deposition at the federal courthouse on May 28, 2010 at 9:00 a.m. Plaintiff was warned that "the failure to comply with this order may result in the imposition of sanctions, including an order striking his pleadings or parts thereof and dismissing this action with prejudice." *See* Order, 5/21/10 at 1-2, *citing* FED. R. CIV. P. 37(b)(2)(A)(iii) & (v).

On May 25, 2010, just hours before his discovery was due, plaintiff advised the court and opposing counsel by email that he was unable to comply with the May 21, 2010 order because his doctor instructed him to "stay away from the stressful environment" that triggered asthma attacks. Noting the absence of any medical evidence that the stress associated with answering interrogatories, producing documents, and appearing for a deposition would be harmful to plaintiff's health, the court denied his request for relief from the May 21, 2010 order. Once again, plaintiff was warned that "the failure to comply with the court's order may result in the imposition of sanctions, including an order striking his pleadings or parts thereof and dismissing this action with prejudice." *See* Order, 5/25/10 at 1, *citing* FED. R. CIV. P. 37(b)(2)(A)(iii) & (v). When plaintiff failed to serve supplemental interrogatory answers or produce documents by May 25, 2010, defendant filed its motion for dismissal. Defendant supplemented its motion when plaintiff failed to appear for a deposition at the federal courthouse on May 28, 2010.

---

[2] Plaintiff requested this conference to discuss outstanding discovery issues. When it became apparent that plaintiff had not fully conferred with opposing counsel prior to the conference, the court focused on the issues raised by defendant in its motion for sanctions.

A show cause hearing on these motions was set for June 4, 2010 at 9:00 a.m. Plaintiff was ordered to attend the hearing in person:

> then and there to show cause why he should not be sanctioned for failing to: (1) produce documents responsive to Request Nos. 15, 16, 19, 29, 35, 41 & 42; (2) supplement his answers to Interrogatory Nos. 3, 9, 11, 12, 13, 15 & 16; and (3) appear for a deposition on May 28, 2010.

*See* Order, 5/28/10 at 2. The order further provides that "[i]f plaintiff fails to appear at the show cause hearing, the court may impose additional sanctions, including striking his complaint and dismissing this action with or without prejudice." *Id.*, *citing* FED. R. CIV. P. 16(f)(1). Although plaintiff was duly notified of the show cause hearing, he failed to appear as directed. Nor did he communicate with the court regarding his absence. Instead, plaintiff sent opposing counsel an email on June 3, 2010, which states:

> While your Law firm and Magistrate Judge Jeff Kaplan have chosen to ignore Plaintiff's repeated complaints some of which have been clearly outlined in the Plaintiff's Motion for New Trial, Plaintiff is now focused on Honorable Chief Judge Sidney A. Fitzwater's response. Plaintiff being Pro Se, Plaintiff has little or no knowledge on what entails in what's left of the current case under Magistrate Judge Jeff Kaplan. The fact that Magistrate Judge Jeff Kaplan by Magistrate Judge Jeff Kaplan's own admission on May 21, 2010 that Magistrate Judge Jeff Kaplan had not read Plaintiff's complaints that prompted Plaintiff to ask for the Informal meeting, makes Plaintiff very nervous. Plaintiff has completely lost total confidence in Magistrate Judge Jeff Kaplan as a judicial officer who is able to conduct what is left of this case in a fair and impartial manner. Plaintiff strongly feels that Plaintiff's continued participation in what's left of this case under Magistrate Judge Jeff Kaplan would waive or negatively impact Plaintiffs pursuit for Justice by way of a New Trial. *Plaintiff therefore does not intend to appear before Magistrate Judge Jeff Kaplan anymore.* Plaintiff's little knowledge as a Pro Se in this case leaves Plaintiff little or no choice but to rely totally in the infinite wisdom that created Plaintiff and let the universe handle the details.

(Def. Hrg. Exh. 1) (emphasis added).[3]

## II.

Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A)  fails to appear at a scheduling or other pretrial conference;
>
> * * * *
>
> (C)  fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1). Among the sanctions contemplated by this rule are "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii) & (v). In addition, Rule 41(b) authorizes dismissal of a civil action for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

---

[3] On May 28, 2010, the day the court issued its show cause order, plaintiff filed a pleading entitled "Notice--Motion for New Trial." That motion was denied as premature because no final judgment has been entered in this case. *See* Order, 6/1/10.

The record in this case documents a clear history of delay and contumacious conduct by plaintiff. Not only did plaintiff violate two discovery orders, he failed to appear at a show cause hearing on June 4, 2010. Plaintiff was warned that his failure to appear at the hearing may result in the imposition of sanctions, including an order striking his pleadings and dismissing this action. *See* Order, 5/28/10 at 2. Rather than comply with the show cause order, plaintiff boldly proclaimed to opposing counsel that he "does not intend to appear before [the magistrate judge] anymore." (Def. Hrg. Exh. 1). Such conduct justifies the imposition of extreme sanctions. *See, e.g. Mott v. Homecomings Financial Network, Inc.*, No. 3-09-CV-1241-BD, 2010 WL 1779188 at *2 (N.D. Tex. Apr. 30, 2010) (dismissal warranted where plaintiff failed answer written discovery, appear for a deposition, and attend a show cause hearing); *Gohe v. Seven Eleven*, No. 3-05-CV-2198-B, 2006 WL 1152682 at *1-2 (N.D. Tex. Apr. 10, 2006), *rec. adopted*, 2006 WL 1154778 (N.D. Tex. May 2, 2006) (dismissal warranted where plaintiff failed to appear for deposition and show cause hearing).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Where a plaintiff refuses to obey lawful orders without justification or excuse, dismissal is warranted.

## **RECOMMENDATION**

Plaintiff failed to comply with two court orders requiring him to supplement interrogatory answers and produce responsive documents. He also failed to appear for a court-ordered deposition on May 28, 2010 and at a show cause hearing on June 4, 2010--all without justification or excuse. As a result, defendant's motion [Doc. #63] and supplemental motion [Doc. #65] for dismissal should be granted. Plaintiff's pleadings should be stricken and this case should be dismissed with prejudice. *See* FED. R. CIV. P. 16(f) (1) & 37(b)(2)(A)(iii) & (v); FED. R. CIV. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE