UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENNIS MOCHERE ABUYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:08-CV-2268-G |
| VERIZON SELECT SERVICES, INC., ) | |
| ) | **ECF** |
| Defendant. ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Jeff Kaplan made findings and a recommendation in this case on July 30, 2010. The plaintiff filed objections, and the district court has made a *de novo* review of those portions of the proposed findings and recommendation to which an objection was made. After making an independent review of the pleadings, files, and records in this case, and the findings and recommendation of the magistrate judge, the court concludes that the findings and recommendation of the magistrate judge are correct, and they are accepted as the findings and recommendation of the court.

The plaintiff's failure to comply with the discovery orders and his subsequent failure to appear at a show cause hearing warranted sanctions under FED. R. CIV. P. 37(b). Magistrate Judge Kaplan warned the plaintiff on three separate occasions that sanctions, specifically an order striking his pleadings and dismissing this action with prejudice, would be imposed if he failed to comply with the discovery orders and failed to attend the show cause hearing. *See* Order, 5/21/10 at 1-2; Order, 5/25/10 at 1; Order, 5/28/10 at 2. The plaintiff has not shown good cause for his repeated noncompliance and failure to appear at the show cause hearing. See *Drew v. Life Insurance Company of America*, 2009 WL 1856604 at *2 (N.D. Tex. June 29, 2009) (Fitzwater, C.J.) ("The ultimate inquiry remains whether the movant shows good cause").

The court acknowledges that the plaintiff is a *pro se* litigant with no formal legal training; however, self representation -- competent or not -- does not exempt a party from compliance with the relevant rules of procedural and substantive law. *Yazdchi v. American Honda Finance Corporation*, 217 F. App'x. 299, 304 (5th Cir. 2007). The Fifth Circuit has held that dismissal with prejudice, though a "remedy of last resort," is proper in cases where a party, by his own conduct, has willfully or in bad faith failed to comply with a discovery order, causing substantial prejudice to the opposing party, and compliance would not be substantially achieved by a less drastic sanction.

*Doe v. American Airlines*, 283 F. App'x. 289, 291 (5th Cir. 2008), *cert. denied*, __ U.S. __, 129 S. Ct. 1003 (2009). This is such a case.

The plaintiff repeatedly failed to comply with the magistrate judge's discovery orders. He did not appear at the show cause hearing. And, he informed opposing counsel that he "does not intend to appear before Magistrate Judge Jeff Kaplan anymore." The plaintiff's willful and repeated refusal to comply with the magistrate judge's discovery orders is attributable to him alone. His conduct prejudiced the defendant by prohibiting the defendant from timely and appropriately preparing for trial. The plaintiff's indication that he does not intend to appear before Magistrate Judge Kaplan convinces the court that no less drastic sanction would have deterred the plaintiff from failing to comply with the magistrate judge's discovery orders.

The court finds that the magistrate judge properly sanctioned the plaintiff by striking his pleadings and dismissing this action with prejudice under FED. R. CIV. P. 37(b)(2)(A)(iii), (v). The plaintiff's objections do not persuade the court that the plaintiff had good cause for not complying with the magistrate judge's discovery orders and failing to appear at the show cause hearing. Accordingly, the plaintiff's objections are overruled, and the court accepts the findings and recommendation of the United States Magistrate Judge.

The plaintiff's motion for new trial (docket entry 76) is **DENIED**.

**SO ORDERED**.

September 9, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**